UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESLEY DURANT,

v.                                                        Case No.  6:05-cv-713-Orl-19JGG

ABRAHAM L. WOODS, III, SECRETARY,
DEPARTMENT OF CORRECTIONS, FLORIDA
HOSPITAL EAST ORLANDO, FLORIDA
HOSPITAL ALTAMONTE, S. MOIZUDDIN, E.
AYDUR,

                    Defendants.
_____

ORDER

This case is before the Court on the following matters:

1.        Plaintiff, an inmate of the Florida penal system proceeding pro se, filed a civil

rights complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff has failed to set forth his

claim adequately, he will be required to submit an **amended complaint.**

In amending, Plaintiff must name as Defendants only those persons who are

responsible for the alleged constitutional violations.  Plaintiff must place his full name in

the style of the case on the first page of the civil rights complaint form.  Further, Plaintiff

should write his full name and address in the appropriate sections on pages one and six

(and seven, if necessary) of the civil rights complaint form and provide the full name and

current address for each Defendant.  Plaintiff must state what rights under the

Constitution, laws, or treaties of the United States have been violated in the section entitled

"Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations. *Plaintiff should set forth his allegations in a clear and concise manner and should avoid a rambling narrative; Plaintiff's complaint is unnecessarily lengthy.*

Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

In addition, Plaintiff should be aware that 42 U.S.C. § 1997e(a) and (e) contain several conditions that a prisoner must satisfy before pursuing a civil rights complaint. Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions. Subsection

(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody. Plaintiff must comply with the requirements of those subsections.

Most importantly, if Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint <u>in this action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

Finally, Plaintiff should not include argument in his amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>.

Plaintiff shall amend his complaint as described above **within twenty (20) days** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

2.      Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2), filed May 10, 2005 is **DENIED** without prejudice. After the Court has reviewed Plaintiff's amended complaint, a determination will be made as to whether Plaintiff may proceed in forma pauperis.

3.      Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain <u>only</u> information pertaining to the address change and the effective date of such. Plaintiff must file a <u>separate</u> notice in each case that he has pending before the Court. The failure to inform the Court of an address change may result in the <u>dismissal</u> of this case, without further notice of the Court.

4.      Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. <u>As a matter of course, the Court will not respond to Plaintiff's letters.</u>

5.      Plaintiff should not attempt to correspond directly with a district judge or magistrate judge. They will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their

decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

      **DONE AND ORDERED** at Orlando, Florida, this __18__ day of May, 2005.


JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE


Copies to:
pslc 5/12
Wesley Durant